# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | | |
|---|---|---|
| JONATHAN COPELAND, | ) | No. CV 15-4139-JFW (PLA) |
| | ) | |
| Petitioner, | ) | **ORDER TO SHOW CAUSE RE: DISMISSAL** |
| | ) | **OF HABEAS PETITION AS SUCCESSIVE** |
| v. | ) | **AND/OR AS BARRED BY THE** |
| | ) | **EXPIRATION OF THE STATUTE OF** |
| STU SHERMAN, Warden, | ) | **LIMITATIONS** |
| | ) | |
| Respondent. | ) | |

Jonathan Copeland ("petitioner") initiated this action on June 2, 2015, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2015 Petition" or "2015 Pet."). The Petition challenges his March 25, 2004, conviction in the Los Angeles County Superior Court, case number NA055334/5224085, for first degree murder (Cal. Penal Code § 187(a)); attempted murder (Cal. Penal Code §§ 187(a), 664); possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)); and resisting arrest (Cal. Penal Code § 148(a)(1)). (2015 Pet. at 2; see also Case No. CV 06-6026-JFW (FMO) ("CV 06-6026"), Dkt. No. 8).

The Court observes that on September 21, 2006, petitioner filed an earlier habeas petition in this Court, in case number CV 06-6026, also challenging his 2004 conviction ("2006 Petition"). The 2006 Petition was dismissed with prejudice on the merits, pursuant to the Judgment entered

on September 25, 2007.  (Case No. CV 06-6026, Dkt. No. 16).  Petitioner's request for a certificate of appealability was denied by the District Judge on October 22, 2007.  (Case No. CV 06-6026, Dkt. No. 18).  His request to the Ninth Circuit for a certificate of appealability was denied on June 23, 2008.  (Case No. CV 06-6026, Dkt. No. 22).

## A.    SECOND OR SUCCESSIVE PETITIONS

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition.  Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam).  The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

In his 2006 Petition, petitioner raised the following grounds for relief:  (1) petitioner's due process rights were violated when the trial court permitted the prosecutor to introduce evidence that petitioner had attempted to escape from custody; (2) petitioner's due process rights were violated because the jury had insufficient evidence to convict him of the attempted murders of Gilbert and Oscar Fonoti; and (3) the firearm-use enhancements were contrary to state law. (Case No. 06-6026, Dkt. No. 8 at 9).  As mentioned above, the 2006 Petition was denied on the merits.  In the instant 2015 Petition, petitioner appears to raise at least the following claims:  (1) trial counsel rendered ineffective assistance by failing to object to prejudicial evidence, and

misconduct by the prosecution; (2) petitioner's constitutional rights were violated by suggestive identification procedures, and false testimony and statements; and (3) petitioner's constitutional rights were violated by "denial" DNA testing authorized by Penal Code section 1405.  (2015 Pet. at 3-A to 4-U).

Because the 2006 Petition was denied on the merits, the instant 2015 Petition is considered to be a successive application.  Even if petitioner's claims in the 2015 Petition satisfied the AEDPA standards for filing a successive petition -- which they do not appear to do -- he nevertheless is required to seek and obtain authorization from the Ninth Circuit before filing a successive petition.  28 U.S.C. § 2244(b)(3)(A).  There is no indication that petitioner has obtained such permission from the Ninth Circuit.  See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition).  It therefore appears that the Court is without jurisdiction to entertain the 2015 Petition under 28 U.S.C. § 2244(b).  See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'").

**B.     STATUTE OF LIMITATIONS**

Even if not successive, or even if the Ninth Circuit grants petitioner permission to file a successive petition, the 2015 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d).  See Calderon v. U. S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997).[1]  In most cases, the limitation period begins to run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

/

---

[1]     Beeler was overruled on other grounds in Calderon v. U. S. Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

As stated above, petitioner was convicted on March 25, 2004. (2015 Pet. at 2). Petitioner appealed to the California Court of Appeal, and the court of appeal affirmed the judgment. (2015 Pet. at 2-3; Case No. 06-6026, Dkt. No. 8 at 2). His petition for review in the California Supreme Court was denied on July 27, 2005, without comment or citation to authority (2015 Pet. at 3; Case No. 06-6026, Dkt. No. 8 at 2), and his conviction became final on October 25, 2005, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, the one-year limitation period for seeking federal habeas relief began to run on October 26, 2005, and expired on October 25, 2006.

On its face, therefore, it appears that the instant 2015 Petition, in addition to being successive, is barred by the statute of limitations.

**C.   CONCLUSION**

Based on the foregoing, petitioner is **ordered to show cause** (1) why the 2015 Petition should not be dismissed as successive; and (2) why the 2015 Petition should not be dismissed as time barred.

Specifically, **no later than July 1, 2015,** petitioner must submit to the Court the following: (1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the 2015 Petition should not be dismissed as time barred. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents.

/

/

/

/

/

/

4

1    **Failure to respond by July 1, 2015, will result in the 2015 Petition being summarily**

2    **dismissed as successive and/or as barred by the statute of limitations.**[2]

3

4    DATED:  June 4, 2015

5                                                                                      _____
                                                                                                    PAUL L. ABRAMS
                                                                                      UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22    _____

23    [2]    In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), and he does
       not provide documentation showing that he is not required to first receive Ninth Circuit
24    authorization before filing a successive petition, he is advised that if he wishes to make a
       successive habeas application, he must file a "Motion for Order Authorizing District Court to
25    Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" **directly with the
       Ninth Circuit**.  Until the Ninth Circuit issues such an order, any direct or implied request for a
26    second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be
       dismissed without prejudice to petitioner's right to seek authorization from the Ninth Circuit to file
27    the petition.

28