JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JONATHAN COPELAND,<br><br>  Petitioner,<br><br>  v.<br><br>STU SHERMAN, Warden,<br><br>  Respondent. | No. CV 15-4139-JFW (PLA)<br><br>**ORDER DISMISSING HABEAS PETITION AS SUCCESSIVE** |

## I.
## BACKGROUND

On June 2, 2015, Jonathan Copeland ("petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("2015 Petition" or "2015 Pet."). The Petition challenges his March 25, 2004, conviction in the Los Angeles County Superior Court, case number NA055334/5224085, for two counts of first degree murder (Cal. Penal Code § 187(a)); two counts of attempted murder (Cal. Penal Code §§ 187(a), 664); possession of a firearm by a felon (Cal. Penal Code § 12021(a)(1)); and resisting arrest (Cal. Penal Code § 148(a)(1)). (2015 Pet. at 2; see also Case No. CV 06-6026-JFW (FMO) ("CV 06-6026"), Dkt. No. 8 at 2).

/

On September 21, 2006, petitioner filed an earlier habeas petition in this Court, in case number CV 06-6026, also challenging his 2004 conviction ("2006 Petition"). The 2006 Petition was dismissed with prejudice on the merits, pursuant to the Judgment entered on September 25, 2007. (Case No. CV 06-6026, Dkt. No. 16). Petitioner's request for a certificate of appealability was denied on October 22, 2007. (Case No. CV 06-6026, Dkt. No. 18). His request to the Ninth Circuit for a certificate of appealability was denied on June 23, 2008. (Case No. CV 06-6026, Dkt. No. 22).

In the instant action, on June 4, 2015, the Magistrate Judge issued an order requiring petitioner to show cause, no later than July 1, 2015, why the Petition should not be dismissed as successive and/or as barred by the statute of limitations ("Order to Show Cause"). (Dkt. No. 4 at 4). Petitioner was advised that he "must submit" the following: "(1) documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), he properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order; and (2) a response making clear his arguments, if any, as to why the 2015 Petition should not be dismissed as time barred." (Id.). On July 2, 2015, the Magistrate Judge granted petitioner's Motion for Extension of Time, extending petitioner's time to respond to the Order to Show Cause to no later than August 3, 2015. As of the date of this Order, petitioner has not filed a response to the Order to Show Cause.

## II.

## DISCUSSION

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). The AEDPA provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>   (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).  Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In the 2006 Petition, petitioner raised the following grounds for relief:  (1) petitioner's due process rights were violated when the trial court permitted the prosecutor to introduce evidence that petitioner had attempted to escape from custody; (2) petitioner's due process rights were violated because the jury had insufficient evidence to convict him of the attempted murders of Gilbert and Oscar Fonoti; and (3) the firearm-use enhancements were contrary to state law. (Case No. 06-6026, Dkt. No. 8 at 9 (citations omitted)).  As mentioned above, the 2006 Petition was denied on the merits.  In the instant 2015 Petition, petitioner appears to raise at least the following claims:  (1) trial counsel rendered ineffective assistance by failing to object to prejudicial evidence and to misconduct by the prosecution; (2) petitioner's constitutional rights were violated by suggestive identification procedures, and false testimony and statements; and (3) petitioner's constitutional rights were violated by "denial" DNA testing authorized by Penal Code section 1405. (2015 Pet. at 3-A to 4-U).  Petitioner also generally alleges that he is factually innocent as demonstrated by the suggestive identification procedures, the false testimony and statements of the detectives and witnesses, and by evidence that was "withheld."  (Pet. at 3B, 4-R to 4-S). Petitioner notes that he has made several prior applications for habeas "and other direct appeal relief" to the California courts and to this Court, "but due to (his) past mental illness; denial legal property; d[e]struction by (CDCR); due incomp[et]ent; ineffective assista[n]ce jury trial counsel; appellate counsel; May 18, 2004 through June 7, 2012 . . . was 'den[ie]d'"! (Pet. at 4-A, 4-S to 4-T).  He also states, without supporting evidence or argument, that "equitable tolling time should be 'granted.'" (Pet. at 4-A, 4-S).

3

Because the 2006 Petition was denied on the merits, the instant 2015 Petition is considered to be a successive application. Even if petitioner's claims in the 2015 Petition satisfied the AEDPA standards for filing a successive petition -- which they do not appear to do[1] -- he nevertheless is required to seek and obtain authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). There is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). As the Magistrate Judge thoroughly informed petitioner in the June 4, 2015, Order to Show Cause, if petitioner wishes to make a successive habeas application:

> [H]e must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed without prejudice to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

(Dkt. No. 4 at 5 n.2).

Based on the foregoing, the Court is without jurisdiction to entertain the current 2015 Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Thus, the Court finds that it is appropriate to **dismiss the Petition without prejudice** as successive.[2]

---

[1] Although petitioner states that absent the alleged constitutional violations, "no reasonable jury would have convicted" him (Pet. at 4-U), there is no evidence that the factual predicates for his claims could not have been discovered previously through the exercise of due diligence. Indeed, petitioner fails to explain why he was not aware of these claims sooner, especially in light of the fact that his claims concern trial or appellate issues that were or should have been known at or around the time of his conviction and appeal.

[2] Even if not successive, or even if the Ninth Circuit grants petitioner permission to file a successive petition, the 2015 Petition is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") one-year statute of limitations period, as set forth under 28 U.S.C. § 2244(d). See Calderon v. U.S. Dist. Court (Beeler), 128 F.3d 1283, 1286 (9th Cir. 1997). In most cases, the limitation period begins to run from "the date on which the judgment became final by
(continued...)

## III.

## ORDER

IT IS THEREFORE ORDERED that the Petition is **dismissed without prejudice** as successive.

DATED: August 19, 2015

                                      HONORABLE JOHN F. WALTER
                                      UNITED STATES DISTRICT JUDGE

---

[2](...continued)
conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As stated above, petitioner was convicted on March 25, 2004. (2015 Pet. at 2). Petitioner appealed to the California Court of Appeal, and the court of appeal affirmed the judgment. (2015 Pet. at 2-3; Case No. 06-6026, Dkt. No. 8 at 2). His petition for review in the California Supreme Court was denied on July 27, 2005, without comment or citation to authority (2015 Pet. at 3; Case No. 06-6026, Dkt. No. 8 at 2), and his conviction thus became final on October 25, 2005, when the ninety-day period for filing a petition for certiorari in the Supreme Court expired. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Thus, the one-year limitation period for seeking federal habeas relief began to run on October 26, 2005, and expired on October 25, 2006. On its face, therefore, and notwithstanding petitioner's unsupported statement that he should be granted equitable tolling (Pet. at 4-A, 4-S), or is factually innocent, it appears that the instant 2015 Petition, in addition to being successive, may be barred by the statute of limitations.